IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JESSE THOMAS PRYOR,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-80-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Jesse Thomas Pryor's application for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Pryor is a state prisoner proceeding pro se.

On December 24, 2013, Mr. Pryor was ordered to file an Amended Petition and to show cause why his claims should not be dismissed with prejudice as procedurally barred and as time-barred. Mr. Pryor responded on April 3, 2014.

Mr. Pryor's Amended Petition alleges that he should have been convicted of misdemeanor theft, rather than felony theft, because a co-defendant pled guilty to misdemeanor theft, and he stole the same vehicle Mr. Pryor stole. *Compare* Mont. Code Ann. § 45-6-301(8)(a) *with id.* § -301(8)(b). Mr. Pryor claims the prosecutor and the judge committed misconduct. He also claims that convicting him of a

1

felony, while his co-defendant was convicted of a misdemeanor, violated the Equal Protection Clause. *See* Am. Pet. (Doc. 7) at 3 ¶ 15A, 4 ¶ 15B; Pet. Ex. B (Doc. 7-2) at 3-4 (Pet'r Aff. at 2-3); Pet. Ex. C (Doc. 7-3) at 2-3 (Pet'r Aff. at 1-2).[1] Finally, he contends that counsel violated his right to effective assistance by advising him to plead guilty to felony theft in order to avoid being charged as a persistent felony offender and by failing to investigate the fair market value of the stolen vehicle. Pet. Ex. C (Doc. 7-3) at 3 (Pet'r Aff. at 2).

## I. Time Bar

Mr. Pryor's claims should be dismissed with prejudice as untimely. A federal habeas petition must generally be filed within one year from the date the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). Mr. Pryor states that written judgment was entered in his case, at the latest, on August 5, 2010. Am. Pet. at 2 ¶¶ 1-4; *but see* Pet. Ex. A (Doc. 7-1) at 3 (State Resp. to Mot. to Dismiss at 2) (stating written judgment was entered June 8, 2010). Mr. Pryor did not appeal. *Id.* at ¶ 8. Consequently, his conviction became final 60 days later, on October 4, 2010, at the latest. Mont. R. App. P. 4(5)(b)(i); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). At the latest, Mr. Pryor should have filed

---

[1] Mr. Pryor also contends that his sentence is facially invalid. Am. Pet. at 5 ¶15D; Pet. Ex. D (Doc. 7-4) at 2-3 (Pet'r Aff. at 1-2). This does not appear to be a basis for relief, as Mr. Pryor prefaces "Ground Four" with the assertion that "[t]his petition is not filed untimely." Taking the allegation as a claim for relief, however, it fails. A facially invalid sentence does not necessarily violate the Federal Constitution and, as set forth below, Mr. Pryor does not show that the judgment against him is facially invalid.

2

his federal habeas petition on or before October 4, 2011. He filed on December 17, 2013, more than 26 months too late. Pet. (Doc. 1) at 8, Pet'r Decl. ¶ C.

Mr. Pryor was advised of what he must do to show that his petition should not be dismissed with prejudice as time-barred. *See* Order (Doc. 4) at 3-4. Although Mr. Pryor became aware of his co-defendant's plea after his time to appeal his conviction expired, *see* Am. Pet. at 4 ¶15A(5), the co-defendant's conviction was a matter of public record, discoverable with reasonable diligence upon its entry.

Mr. Pryor's remaining arguments have no bearing on the time bar and need not be addressed.   Mr. Pryor offers no other facts sufficient to justify his failure to comply with the federal statute of limitations. His claims should be dismissed with prejudice as time-barred. Because the time bar is clear, the Court makes no decision as to procedural bar.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Pryor has failed to excuse his failure to file within one year of the date his conviction became final. Reasonable jurists would not disagree with the procedural ruling. There is no reason to encourage further proceedings. A COA should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition and Amended Petition (Docs. 1, 7) should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Pryor may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Pryor must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 27th day of August, 2014.

>   */s/ Keith Strong*
>   Keith Strong
>   United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.