**FILED**

NOV 0 6 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JESSE THOMAS PRYOR,<br><br>             Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>             Respondents. | CV 13–80–H–DWM–RKS<br><br>ORDER |

Jesse Thomas Pryor is a state prisoner proceeding pro se. He petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge Keith Strong recommends dismissing the petition as untimely. (Doc. 8.)

Pryor timely filed written objections to Judge Strong's Findings and Recommendation, however the substance of Pryor's objections address the doctrine of res judicata and the reasonableness of his sentence, not Judge Strong's finding that his petition is time-barred. (Doc. 9) On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v.*

1

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), and where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error with Judge Strong's determination that Pryor's petition is untimely. Even broadly construing Pryor's objections as objections to Judge Strong's specific findings and recommendation as to the untimeliness of the petition, the Court concludes the petition is time-barred. A federal habeas petition must generally be filed within one year from the date the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). Pryor's conviction became final on October 4, 2010, at the latest. (Am. Pet., Doc. 7 at 2); *see* Mont. R. App. P. 4(5)(b)(I); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653–54 (2012). Pryor should have filed his federal habeas petition on or before October 4, 2011, but he filed on December 20, 2013, more than 26 months too late.

Accordingly, IT IS ORDERED that the Findings and Recommendation

(Doc. 8) is ADOPTED IN FULL. Jesse Thomas Pryor's Petition for Writ of

Habeas Corpus (Doc. 1) and Amended Petition (Doc. 7) are DISMISSED WITH

PREJUDICE as time-barred.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by

separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this _____ day of November, 2014.

Donald W. Molloy, District Judge
United States District Court